IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLIVIER DUSABE, | ) |
|    Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-24-464-SLP |
| DON JONES et al., | ) ) ) |
|    Respondents. | ) ) ) ) |

**O R D E R**

Petitioner Olivier Dusabe, proceeding through counsel, is a Rwandan national who has been under a final removal order since July 28, 2023. Petitioner is currently detained by Immigrations and Customs Enforcement ("ICE"). He filed an Amended Petition [Doc. No. 9] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Pursuant to 28 U.S.C. § 636(b)(1)(B), (C), this matter was referred to Magistrate Judge Suzanne Mitchell. Respondent Shawn Byers filed a Response in Opposition to Amended Petition for a Writ of Habeas Corpus [Doc. No. 18],[1] to which Petitioner filed a Reply [Doc. No. 19].

Judge Mitchell entered her Report and Recommendation [Doc. No. 20], recommending the Court deny habeas relief. Petitioner timely filed an Objection [Doc.

---

[1] Petitioner named two Respondents: (1) Don Jones, the director of Kay County Jail, and (2) Shawn Byers, the Acting Field Office Director of the Chicago Field Director of ICE. Am. Pet. [Doc. No. 9] ¶¶ 5–6. To date, no attorney has entered an appearance or otherwise responded on Respondent Jones's behalf.

No 21], to which Respondent Byers filed a Response [Doc. No. 22].[2]  Petitioner makes two objections to the R. & R.  The Court takes each in turn.

## I. **Indefinite Detention**

As set forth in the R. & R., Petitioner is a Rwandan citizen subject to a final order of removal who is currently in ICE custody.[3]  Although an alien under a final removal order must typically be removed within 90 days, ICE may continue to detain certain classes of aliens past this removal period.  8 U.S.C. § 1231(a)(1)(A), (a)(6).  There is a six-month period in which it is presumptively reasonable to detain a removable alien awaiting deportation.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  After that, a detainee can seek release if he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*  If he satisfies this initial burden, "the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner challenges the R. & R.'s conclusion that he failed to meet his initial burden under *Zadvydas*.  Much of Petitioner's Objection simply reasserts the arguments raised in his Petition without identifying any particular error in Judge Mitchell's analysis.  *See* Petitioner's Obj. [Doc. No. 21] at 2–3.  Upon de novo review, the Court fully concurs

---

[2] After the close of briefing in this case, Respondent Byers filed a Notice indicating "the government of Rwanda has agreed to issue a travel document for Petitioner Olivier Dusabe, but no removal date has been scheduled."  Respondent's Notice [Doc. No. 23] at 1.  The Court ordered supplemental briefing, which the parties filed.  *See* [Docs. No. 25, 26].  This factual development simply strengthens the Court's conclusion that Petitioner is not entitled to habeas relief.

[3] Petitioner does not object to the R. & R.'s detailed recitation of the facts, so the Court does not repeat them here.

2

with Judge Mitchell's *Zadvydas* analysis and her conclusion that "the delay in deporting Petitioner is a result of Rwanda's slow machinations and not a denial or refusal to accept him." R. & R. [Doc. No. 20] at 10.

Petitioner also attacks the declaration attached to the Response, claiming it "consists of vague statements that are supported entirely by second-and-third-hand information provided by unnamed sources." Petitioner's Obj. [Doc. No. 21] at 3. Although Petitioner could have raised this argument in his Reply, he failed to do so. Accordingly, the Court declines to consider it.[4] *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Petitioner next objects to the R. & R.'s conclusion that there are no institutional barriers to his removal. In his Reply, Petitioner claimed "the United States is able to repatriate to Rwanda, apparently, only via commercial flight and such repatriations are already the subject of long delays." Petitioner's Reply [Doc. No. 19] ¶ 5. Although the Reply did not buttress this allegation with any support, the Objection links to a web report from Witness at the Border. Petitioner's Obj. [Doc. No. 21] at 4 (citing Thomas Cartwright, *ICE Air Flights: August 2024 and Last 12 Months*, Witness at the Border (Sept. 3, 2024), https://witnessattheborder.org/posts/9324 ("Report")). According to the Objection, the Report "reflect[s] no charter flights to Rwanda in the past twelve months." *Id.* at 4. But the Report does not mention Rwanda specifically and certainly does not

---

[4] Additionally, the Court agrees with Respondent that this argument improperly attempts to shift the initial burden from Petitioner to Respondent. *See* Resp. to Obj. [Doc. No. 22] at 2–3.

include any data about long delays to the country.[5]  Conversely, the sworn declaration from ICE's Detention and Repatriation Officer for Removal and Internation Operations explains that "ICE is regularly able to remove people to Rwanda when it is confirmed they are Rwandan citizens."  First Chandler Dec. [Doc. No. 18-1] at 4.  Upon de novo review, the Court agrees that Petitioner has not shown that institutional barriers prevent his removal to Rwanda.

Petitioner also argues there are "obstacles particular to his removal."  Petitioner's Obj. [Doc. No. 21] at 4 (quoting R. & R. [Doc. No. 20] at 7).  First, he cites ICE's March 2024 statement that its headquarters was reviewing Petitioner's case "because of the political issue going on in [Rwanda]."  *Id.* at 21 (citing Petitioner's Dec. [Doc. No. 1-1] ¶ 9).  Second, he relies on ICE's assertion that the Rwandan government was investigating whether Petitioner "was involved in criminal activity while previously in Rwanda" so it could issue notifications.  First Chandler Dec. [Doc. No. 18-1] ¶ 18.  But both of these statements indicate Petitioner's review is ongoing, not that Rwanda will refuse to accept him.  *Cf. Habtegaber v. Jenifer*, 256 F. Supp. 2d 692, 695, 697 (E.D. Mich. 2003) (reaching opposite conclusion where Ethiopian embassy denied repatriation request because Eritrea had gained independence, and Eritrean embassy denied request because petitioner lacked proper documents to prove citizenship).  To the contrary, the Rwandan embassy notified ICE on January 10, 2025 that its Ministry of Foreign Affairs had approved Petitioner's case.  Second Chandler Dec. [Doc. No. 25-1] ¶ 4.  The embassy

---

[5] Petitioner does not provide a pinpoint citation to the 48-page Report.

4

assured ICE "a travel document would be issued" pending the receipt of a travel itinerary, which ICE provided the following day. *Id.*

Finally, Petitioner objects to the R. & R. because it "cites almost exclusively to out of circuit case law, which is not binding on this Court." Petitioner's Obj. [Doc. No. 21]. Needless to say, the Court may rely on nonbinding authority for its persuasive value. And although the Objection string cites several out-of-circuit cases cited by the R. & R., Petitioner makes no attempt to distinguish these cases. Nor does he identify any caselaw from this Circuit that conflicts with the cases cited by the R. & R. Upon de novo review, the Court fully concurs with the analysis set forth in the R. & R.

## II.     **Procedural Due Process**

Petitioner also claims that the R. & R. failed to address his procedural due process argument. But the arguments presented in the Objection pertain to a claim not raised in the Amended Petition. To be sure, Count I of the Amended Petition is styled as "Violation of Fifth Amendment Right to Procedural Due Process (Post Order Detention)." *See* Am. Pet. [Doc. No. 9] ¶¶ 39–44. But the basis of that claim is that Petitioner's "continued detention violates due process" because his "removal is not reasonably foreseeable." *Id.* ¶¶ 43–44.

Petitioner's Objection, on the other hand, appears to make a facial constitutional challenge to the regulations governing ICE custody reviews. *See, e.g.*, Petitioner's Obj. [Doc. No. 21] at 7 (noting "the regulations providing for periodic custody reviews of individuals detained pursuant to § 1231(a) are conducted 'by DHS employees who are not ostensibly neutral decision makers such as immigration judges,'" that they "'place the

5

burden on the [noncitizen], rather than the Government, to prove that he or she is not a flight risk or a danger to the society,'" and that these decisions are unappealable" (quoting *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 227 (3d Cir. 2018))). Nothing in the Amended Petition references the ICE procedures cited in the Objection.[6] Because Petitioner's Objection attempts to raise a new theory of relief, the Court declines to consider it.[7] *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's

---

[6] To the extent Petitioner included this argument in Reply, the Court declines to consider it for similar reasons. In response, Respondent Byers argued: "Petitioner does not elaborate on his procedural due process claim, such as explaining what procedure he believes he is owed. Instead, he seems to base the claim on an entitlement to release under *Zadvydas*. Such pleading is deficient." Resp. to Am. Pet. [Doc. No. 18] at 16. Respondent went on to argue "procedural due process requirements are satisfied" because "ICE conducts periodic custody reviews." *Id.* In Reply, Petitioner attempted to shore up his pleading by pointing out that courts have questioned whether ICE's periodic custody reviews comport with due process requirements. *See* Petitioner's Reply [Doc. No. 19] ¶ 10. As explained above, the Amended Petition is devoid of any such allegations, so raising this argument for the first time in Reply is improper. *See Sullivan v. Rios*, No. CIV-15-0067-M, 2015 WL 4926475, at *4 (W.D. Okla. June 12, 2015), *report and recommendation adopted*, 2015 WL 4937431 (W.D. Okla. Aug. 18, 2015) (recognizing respondent "must anticipate and address any potential construction a court might place on a habeas petition," but rejecting petitioner's attempts to "latch[] onto Respondent's 'to the extent that' interpretations of his petition to expand what Petitioner actually alleged"); *see also Kirtpatrick v. Hatch*, No. CV 22-945 WJ/KK, 2024 WL 3771802, at *8 (D.N.M. Aug. 13, 2024), *report and recommendation adopted sub nom. Aicher v. Hatch*, No. CV 22-945 WJ/KK, 2024 WL 4165133 (D.N.M. Sept. 12, 2024) (collecting cases). In any event, to the extent the Reply asks the Court to find ICE custody reviews facially unconstitutional, it falls far short. It does not identify a specific regulation or statute, nor does it cite or engage with the proper legal standard for such a challenge. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."). To the extent Petitioner sought to lodge an as-applied challenge, the Court fully concurs with Judge Mitchell's analysis as set forth in the R. & R. And, as explained *supra*, the Court declines to consider any arguments made for the first time in the Objection.

[7] Because Petitioner is proceeding through counsel, his filings are not entitled to liberal construction. *See Sullivan*, 2015 WL 4926475, at *4 (noting counseled habeas petition "must be read as written").

report are deemed waived."). The Court therefore agrees with the R. & R. that Petitioner's procedural due process claim is subject to denial.

For the reasons set forth herein, the R. & R. is ADOPTED, the Amended Petition [Doc. No. 9] is DENIED, and this action is DISMISSED without prejudice.[8]

IT IS SO ORDERED this 13th day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[8] The dismissal of this action is without prejudice to Petitioner's ability to seek § 2241 relief should the circumstances of his detention change. *See Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (affirming denial of habeas petition and dismissal of action).